Clark Street Building Corporation, Appellant, v. Bohumir Kryl, Appellee. E. A. Pierce and Company and L. J. Powers, Appellees.

Gen. No. 39,889.

Opinion filed May 11, 1938. Rehearing denied May 26, 1938.

MAXFIELD WEISBROD, of Chicago, for appellant.

LEVINSON, BECKER, PEEBLES & SWIREN, of Chicago, for appellee E. A. Pierce & Co.; DON M. PEEBLES and EUGENE P. FLORSHEIM, of Chicago, of counsel.

L. J. POWERS, *pro se.*

MR. JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

This is an appeal from an order entered October 1, 1937, dismissing a garnishment proceeding brought by plaintiff, Clark Street Building Corporation against E. A. Pierce & Company, a copartnership, garnishee defendant, on the motion of L. J. Powers, trustee and intervener in the suit.

It appears from the abstract that on March 28, 1930, a judgment was entered in favor of plaintiff and against Bohumir Kryl, defendant appellee, in the sum of $1,395 and costs; that on April 3, 1930, an execution was issued thereon upon which nothing was realized and again on March 21, 1936, an execution was issued for said sum and on the same day the bailiff of the municipal court returned the execution, reciting that the defendants were not found and no property was found, and returned said writ no property found and no part satisfied.

It further appears that thereafter on March 21, 1936, the affidavit of garnishment summons was issued, directed to E. A. Pierce & Company, as garnishee defendant, returnable March 30, 1936.

The verified answer of the garnishee filed April 9, 1936, states that prior to the service of garnishment summons, a judgment was entered in the superior court of Cook county, Illinois, in favor of Bohumir Kryl and against E. A. Pierce & Company, in the sum of $37,431.90.

Said answer further recites that the said garnishee, E. A. Pierce & Company, on March 26, 1936, filed their notice of appeal from said judgment and served a copy thereof on the attorneys for Bohumir Kryl; that on April 6, 1936, the garnishee filed an amended notice of appeal and served a copy thereof on the attorneys for Bohumir Kryl; that on April 18, 1936, the garnishee filed in the superior court of Cook county their appeal bond in the sum of $45,000 which was approved and that an order was entered that said notice of appeal, amended notice of appeal and appeal bond, was to act as a *supersedeas* of said judgment.

The answer further recites that no part of the amount of said judgment consists of wages or salary for services of an employee who is the head of a family and residing with same; that other than above described, garnishee did not at the date of service of said

garnishment summons have in their possession, charge and control any money, choses in action, credits or effects of said Bohumir Kryl; that on June 16, 1937, notice was filed by plaintiff that a motion would be made by plaintiff for a rule upon the garnishee to file an additional amended answer either admitting or denying that they had funds in their possession belonging to Bohumir Kryl, and in default thereof that a judgment be rendered against said garnishee for the sum of $1,395 and $14 as costs, together with interest on said sum of $1,395, making a total sum of $1,912.48.

It further appears that on June 18, 1937, the garnishee E. A. Pierce & Company filed a supplemental answer reciting that the Appellate Court of Illinois for the First District affirmed the judgment described in the answer of the garnishee; that the petition for leave to appeal to the Supreme Court of Illinois was denied on June 14, 1937, and as a result of said denial to appeal, it was adjudged that these defendants were on the date the garnishment summons was served herein, indebted to Bohumir Kryl, the defendant herein, in the sum of $37,431.90, plus interest and plus costs of suit.

The supplemental answer further recites that on June 14, 1937, there was served upon the garnishee defendant by one L. J. Powers, a notice setting forth that on March 16, 1936, an assignment was executed and delivered by Bohumir Kryl to L. J. Powers, as trustee, by which assignment Bohumir Kryl assigned to said L. J. Powers, as trustee, his entire right, title and interest in and to the cause of action, verdict and judgment entered in the superior court of Cook county, Illinois, on March 11, 1936, and prays that if said assignment is valid and binding, then said garnishee should be dismissed.

On June 25, 1937, the intervening petition of L. J. Powers, as trustee, was filed, wherein it represented that on March 16, 1936, prior to the service of garnish-

ment summons, the said Bohumir Kryl, defendant appellee, assigned, transferred and set over to said petitioner, as trustee, and they were not at the time of the service of the garnishment summons and are not now, the property of said Bohumir Kryl, nor did said defendant Bohumir Kryl, have at the time of the service of the garnishment summons herein, nor has he now, any interest in and to said cause of action, verdict and judgment entered therein on March 20, 1936, in favor of Bohumir Kryl and against E. A. Pierce & Company.

The assignment provided that Bohumir Kryl, defendant, employed attorneys to prosecute the said cause of action against the said E. A. Pierce & Company and agreed to pay said firm for their services in that behalf 35 per cent of any sum that might be recovered from said E. A. Pierce & Company, and to Jesse A. Rothschild et al., doing business as Rothschild & Company the sum of $8,089.07, plus costs, more or less, represented by a judgment recovered in the superior court of Cook county in favor of said Rothschild & Company against Bohumir Kryl; also to Frank Kryl $9,500 more or less plus interest evidenced by promissory notes evidencing loans, and to Dr. B. Placek in the aggregate sum of $35,000, plus interest evidenced by promissory notes held by said Dr. Placek evidencing loans.

Said assignment further granted power to L. J. Powers to distribute the amounts among the parties and also that Powers was to receive reasonable compensation for his services, to be paid to him out of the funds of the trust before any other disbursements were made.

The verified answer of Clark Street Building Corporation filed July 1, 1937, to the intervening petition, denies that Bohumir Kryl executed the certain instrument on March 16, 1936, but that if such instrument was executed, it was done on a date subsequent to the

date of the service of garnishment summons, and that any rights the trustee L. J. Powers may have had were subsequent to the rights of the Clark Street Building Corporation.

Said answer further denies the right of the trustee to possession of the property and the proceeds thereof; denies the assignment of the cause of action, verdict and judgment in said proceedings in the superior court of Cook county, Illinois, was a bona fide assignment; denies that on March 16, 1936, or at any other time, the said Bohumir Kryl was indebted to one Frank Kryl in the sum of $8,500, or in any substantial sum as alleged in said assignment; denies that at that time or subsequent thereto there was any bona fide indebtedness to Dr. B. Placek in the sum of $35,000 or in any substantial sum as alleged in the property assignment.

Said answer further denies Jesse A. Rothschild et al., doing business as Rothschild & Company, Frank Kryl, or Dr. B. Placek ever assented to or agreed to or accepted the alleged purported assignment in manner and form as set forth in the intervening petition.

Said answer avers that said purported assignment is fraudulent and void; that said assignment was made for the uses and benefits of Bohumir Kryl and that said assignment was a private and secret agreement made by and between said Bohumir Kryl and said intervening petitioner for the benefit of said Bohumir Kryl for the purposes of defeating the just claims of creditors of said Bohumir Kryl and was made without the notice, knowledge or assent of the alleged and supposed beneficiaries in said alleged and purported assignment set forth.

Said answer further avers that the said intervener was apprised on April 9, 1936, that garnishment proceedings were pending and that he made no attempt to assert any right, title or interest until more than

one year after the day and date of service of garnishment summons and said Clark Street Building Corporation prays that an order be entered directing the garnishee defendant E. A. Pierce & Company to pay to this plaintiff the sum due it, including interest and costs, upon said judgment recovered against Bohumir Kryl.

Thereafter a motion supported by an affidavit was filed July 20, 1937, wherein Bohumir Kryl, by his attorneys, moved that the garnishment proceedings be dismissed and that the garnishee Edward A. Pierce et al., trading as E. A. Pierce & Company be discharged upon the grounds as stated in the affidavit of J. H. Oppenheim, as agent of Bohumir Kryl.

The affidavit set forth that J. H. Oppenheim was the duly authorized agent on behalf of Bohumir Kryl; that the Clark Street Building Corporation, plaintiff, had not filed its annual report since February 24, 1931, and has neglected and refused to pay the amount of franchise taxes and penalties assessed against it to date and that under the statute they are not entitled to maintain this suit.

The outcome of this rather long and involved controversy was that the trustee Powers, after being permitted to intervene in the suit, made a motion to dismiss the garnishment proceedings on grounds that arose and were decided prior to the trustee Powers being permitted to come into the suit. The petition which he filed in this matter was answered by the plaintiff and on October 1, 1937, the court on motion of Powers, the trustee, dismissed the entire proceedings without a hearing. In this the court was in error. One has but to read this record to be convinced that the transactions should have been diligently inquired into because they are, to say the least, unusual.

Here is a case where the plaintiff obtained a judgment for a bona fide debt. It garnisheed creditors of

the judgment debtor who owed the judgment debtor some $37,000 and so admitted in their return to the court.

Chapter 62, pars. 11 and 12 and secs. 11 and 12, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 109.294, 109.295], provides as follows:

"11. · ADVERSE CLAIMANTS.] § 11. If it appears that any goods, chattels, choses in action, credits or effects in the hands of a garnishee are claimed by any other person, by force of an assignment from the defendant, or otherwise, the court or justice of the peace shall permit such claimant to appear and maintain his right. If he does not voluntarily appear, notice for that purpose shall be issued and served on him in such a manner as the court of justice shall direct.

"12. ADVERSE CLAIMS—TRIAL.] § 12. If such claimant appears, he may be admitted as a party to the suit, so far as respects his title to the property in question, and may upon ten days' notice of the claim of such claimant to such property, stating the amount and character thereof, being served upon the garnishee, allege and prove any facts showing the right of such claimant to the possession of such property and such allegations shall be tried and determined in the manner hereinbefore provided. . . . "

No question is raised but that this debt is owing to the plaintiff and that it is entitled to the same. We think the court should have heard the charges which were alleged as to the subsequent activities of the various parties which would prevent the plaintiff from recovering its claim and the court should not have dismissed this suit without having conducted a trial.

For the reasons herein given the order of the municipal court dismissing said garnishment suit is hereby reversed and the cause is remanded for a trial.

*Judgment reversed and cause remanded.*

HEBEL, P. J., and HALL, J., concur.